UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LILLA D. McCOY,

     Plaintiff,

v.
                                       Case No. 1:20-cv-693
                                       Hon. Ray Kent


COMMISSIONER OF SOCIAL
SECURITY,

     Defendant,

_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her application for disability insurance benefits (DIB) and supplemental security income (SSI).

On September 21, 2016, plaintiff filed applications for DIB and SSI, alleging a disability onset date of September 9, 2016. PageID.220. Plaintiff listed a number of disabling conditions, including chronic migraines with dizziness and nausea; post traumatic stress disorder (PTSD); chronic major depression; anxiety; avoidance of people and places; loss of appetite; vomiting; and muscle pain. PageID.895. Prior to applying for benefits, plaintiff completed the 12th grade, earned a GED, and had past employment as an administrative assistant. PageID.230, 897. The administrative law judge (ALJ) reviewed plaintiff's application de novo and entered a written decision denying benefits on April 25, 2019. PageID.220-232. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I.      LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016).  This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019).  "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only.  This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).  "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.      ALJ's DECISION

Plaintiff's applications failed at the fifth step of the evaluation.  At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since September 9, 2016, the alleged onset date, and that she met the insured status requirements of the Social Security Act through December 31, 2021.  PageID.223. At the second step, the ALJ found that plaintiff had the following severe impairments: migraine; obesity; major depressive disorder; anxiety disorder; and PTSD.  PageID.223. At the third step, the ALJ found that through the date last insured, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  *Id*.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except lifting up to 20 pounds occasionally; lifting carrying up to 10 pounds frequently; standing/walking for about 6 hours and sitting for up to 6 hours in an 8-hour workday, with normal breaks; never climbing ladders, ropes or scaffolds; occasionally climbing of ramps or stairs; must avoid even moderate exposure to noise; must avoid even moderate exposure to environmental irritants such as fumes, odors, dusts and gases; must avoid even moderate use of hazardous moving machinery; must avoid all exposure to unprotected heights; must be allowed to wear sunglasses while working; work is limited to simple, routine and repetitive tasks performed in a work environment free of fast paced production requirements involving only simple work related decision and routine work place changes; only occasional interaction with the public.

PageID.224-225.  The ALJ also found that plaintiff was unable to perform any past relevant work. PageID.230.

At the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled light exertional jobs in the national economy.  PageID.231-232.  Specifically, the ALJ found that plaintiff could perform the requirements of occupations such as stack clerk (100,000 jobs), photo copier (60,000 jobs), and vacuum bottle assembler (200,000 jobs). *Id*. Accordingly,

the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from September 9, 2016 (the alleged disability onset date) through April 25, 2019 (the date of the decision).  PageID.232.

### III.    DISCUSSION

Plaintiff has raised two errors on appeal.[1]

**A.    The ALJ committed reversible error by failing to assign proper credibility to the opinion of plaintiff's treating physicians.**

Because plaintiff filed her application before March 27, 2017, the "treating physician rule" applies to the ALJ's decision.  *See* 20 C.F.R. §§ 404.1527 and 416.927.  A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability.  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).  "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once."  *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997).  Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record.  *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2).  Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source.  *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir.

---

[1] Five months after briefing was closed, plaintiff submitted a supplement which included a copy of a Notice of Award of benefits dated April 23, 2021 (ECF No. 26-1).  Based on this notice, it appears that plaintiff filed another application for benefits and was found disabled effective April 26, 2019.  *Id.*  Plaintiff presents no argument or explanation for this untimely submission, other than to state that "it would seem to indicate that her disability was obvious to the Defendant, save for the ALJ who decided her claim in this case."  Supplement (ECF No. 26, PageID.2157).  There is no basis for the Court to consider this submission, which was generated about two years after the ALJ entered his decision in this case and involved a different application.

2004); 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) ("[w]e will always give good reasons in our

notice of determination or decision for the weight we give your treating source's opinion").

### 1.     Jennifer Cory, D.O. (primary care physician)

The ALJ addressed Dr. Cory's opinion as follows:

> Dr. Cory a treating source indicated the claimant was unable to work due to severe chronic migraine headaches and PTSD (Exhibit 6F, page 2). That opinion is accorded little weight because it relies too much on her subjective complaints without supporting objective testing, which has been normal. Further, the issue of disability is reserved to the Commissioner (20 CFR 404.1527(d)).

PageID.230.  This opinion consists of an unsigned letter dated March 13, 2017, consisting of one

sentence, "Ms. McCoy has been unable to work due to severe chronic migraines and post-traumatic

stress disorder."  PageID.1294.  The ALJ gave good reasons for assigning this cursory opinion

little weight, *i.e*, the sole purpose of the opinion was to address the issue of disability which is

reserved to the Commissioner.  *See Houston v. Secretary of Health and Human Services*, 736 F.2d

365, 367 (6th Cir. 1984) (ultimately, the determination of disability is the prerogative of the

Commissioner, not the treating physician). Accordingly, plaintiff's claim of error is denied.

### 2.     Jordan Taylor, D.O. (neurologist)

The ALJ addressed Dr. Taylor's opinion as follows:

> Dr. Taylor, a treating source noted that as of her last visit, the frequency of her headaches were high enough to cause her to miss work up to several days a week (Exhibit 6F, page 3). That opinion is accorded little weight because it relies too much on her subjective complaints without supporting objective testing, which has been normal. Further, the issue of disability is reserved to the Commissioner (20 CFR 404.1527(d)).

PageID.230.

Dr. Taylor is plaintiff's treating neurologist.  In his letter dated March 16, 2017, Dr.

Taylor stated that plaintiff has been under his care since September 3, 2014. PageID.1295.  The

doctor opined: that plaintiff has a history of chronic migraines which can be debilitating; that she

had a temporary remission in migraines in September 2014; that around February 2015 the

migraines appeared as much as 20 per month; that she was last seen on March 11, 2016, when her

frequency was consistent with that number; and, that they tried various injectable treatments with

"only very short-term success." *Id*.  The ALJ's evaluation of Dr. Taylor's opinion did not address

plaintiff's treatment with the doctor. *See, e.g.*, Exh. 1F (PageID.1007-1038).  Given this record,

the ALJ did not give good reasons for assigning little weight to the opinion of plaintiff's treating

neurologist.     Accordingly, this matter will be reversed and remanded pursuant to sentence four

of 42 U.S.C. § 405(g).  On remand, the Commissioner should re-evaluate Dr. Taylor's opinions.

### 3.    Ian Nelson, M.A. (limited licensed psychologist)

The ALJ evaluated Mr. Nelson as a treating source:

> Ian Nelson, M.A., a treating source, indicated her "anxiety prevented her from being able to concentrate at work or tolerate problems that arose at work" and that other days she did not make it to work at all due to depressive symptoms or migraines" (Exhibit 6F, page 1). That opinion is accorded partial weight to the extent is supports moderate limitations in all four areas of psychological functioning. However, this opinion also relies too much on her subjective complaints and the issue of disability is reserved to the Commissioner (20 CFR 404.1527(d)).

PageID.230.

In his letter, Mr. Nelson states that plaintiff has attended 29 sessions since June 1,

2016.  PageID.1293. Mr. Nelson noted: that plaintiff is diagnosed with PTSD; that anxiety and

panic symptoms are present at times; that she missed treatment due to chronic migraines and PTSD

symptoms; and, that plaintiff's anxiety prevented her from being able to concentrate at work or

tolerate problems that arose at work.  *Id*.  Despite these rather extensive interactions with medical

providers at Pine Rest Christian Mental Health Services (over 200 pages of records)[2],  the ALJ's

evaluation of Mr. Nelson's opinions did not address this treatment history.  Given this record, the

---

[2] *See* Exh. 2F (PageID.1040-1114) and Exh. 12F (PageID.1745-1839, 1841-1882).

ALJ did not give good reasons for assigning partial weight to Mr. Nelson's opinions.  Accordingly,

this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On

remand, the Commissioner should re-evaluate Mr. Nelson's opinions.

> **B.     The ALJ committed reversible error by assigning an RFC to plaintiff which was not supported by substantial evidence.**

Residual functional capacity is a medical assessment of what an individual can  do

in a work setting in spite of functional limitations and environmental restrictions imposed by all

of his medically determinable impairments.  20 C.F.R. §§ 404.1545 and 416.945.  The ALJ is

"charged with the responsibility of evaluating the medical evidence and the claimant's testimony

to form an assessment of her residual functional capacity."  *Webb v. Commissioner of Social*

*Security*, 368 F.3d 629, 633 (6th Cir. 2004) (internal quotation marks and brackets omitted).  The

medical record in this case contains about 1,100 pages.  *See* Exhs. 1F through 14F (PageID.1006-

2102) and includes opinions by medical providers and examiners.   As discussed, the ALJ did not

give good reasons for the weight assigned to two of plaintiff's treating sources, Dr. Taylor and Mr.

Nelson.  Because the present RFC is based upon the ALJ's evaluation of these opinions, it is not

supported by substantial evidence.  Accordingly, on remand, the Commissioner should address the

RFC after re-evaluating the opinions of Dr. Taylor and Mr. Nelson.

> **IV.     CONCLUSION**

Accordingly, this matter will be reversed and remanded pursuant to sentence four

of 42 U.S.C. § 405(g).  On remand, the Commissioner is directed to re-evaluate the opinions of

Dr. Taylor, Mr. Nelson, and plaintiff's residual functional capacity.  A judgment consistent with this opinion will be issued forthwith.

Dated:  March 10, 2022                                    /s/ Ray Kent
                                                         United States Magistrate Judge